Rodney RUTLEDGE *v.* STATE of Arkansas

CR 03-1280                                            139 S.W.3d 518

Supreme Court of Arkansas
Opinion delivered December 18, 2003

*Jeff Rosenzweig*, for appellant.

No response.

PER CURIAM. Appellant Rodney Rutledge, by and through his attorney Jeff Rosenzweig, has filed a motion for belated appeal from the denial of his petition for postconviction relief under Ark. R. Crim. P. 37. The motion reflects that Rutledge was convicted of capital murder and sentenced to life imprisonment without parole. Following this court's affirmance of his conviction, *see Rutledge v. State*, 345 Ark. 243, 45 S.W.3d 825 (2001), and while he was incarcerated, Rutledge filed a timely petition under Rule 37, which was denied by the circuit court on December 5, 2002. The motion also reflects that Rutledge never received notice of the order denying his Rule 37 petition. He now seeks permission to file a belated notice of appeal.

To support his motion, Rutledge has attached an affidavit averring that he never received notice that the circuit court had

denied his petition, and that he only discovered the denial after his father retained counsel to look into his case. In its response, the State avers that the record does not reflect that Rutledge received notice of the order denying his Rule 37 petition. The State avers further that the lack of notice is adequate cause to grant Rutledge's motion.

In *Chiasson v. State*, 304 Ark. 110, 798 S.W.2d 927 (1990) (*per curiam*), this court held that we will grant a petition for belated appeal of an order denying a Rule 37 petition if good cause is shown for the petitioner's failure to file a timely notice of appeal. This court held further that good cause is established where the State is unable to demonstrate that the circuit clerk promptly provided petitioner with a copy of the court's order, as required by Rule 37.3(d). Because the State avers that it cannot demonstrate that Rutledge received prompt notice of the denial of his Rule 37 petition, we grant his motion for belated appeal.·

It is so ordered.

ARNOLD, C.J., not participating.