Rodney RUTLEDGE *v.* STATE of Arkansas

CR 03-1280                                    205 S.W.3d 773

Supreme Court of Arkansas
Opinion delivered March 24, 2005

*Jeff Rosenzweig*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

PER CURIAM. Rodney Rutledge was convicted in Pulaski County Circuit Court of capital murder and sentenced to life imprisonment without parole. This court affirmed that judgment in *Rutledge v. State*, 345 Ark. 243, 45 S.W.3d 825 (2001) ("*Rutledge I*"). Rutledge subsequently filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1. The circuit court issued an order denying relief without holding an evidentiary hearing. On the same date, Rutledge's motion for testing of physical evidence was denied. Later, Rutledge filed a motion to supplement his original petition, which was also denied. Rutledge then filed a motion for belated appeal, which was granted in *Rutledge v. State*, 355 Ark. 499, 139 S.W.3d 518 (2003). We affirm the trial court's denial of postconviction relief in part and remand in part.

At trial, Tammy Williamson's sister testified that Rutledge had come to her home, and asked Williamson to come outside to talk to him. When Williamson declined, Rutledge walked away,

returned, hit Williamson on the head with a gun, grabbed her by the hair and began dragging her to the kitchen. Williamson's sister, Korey Leavy, then testified that after some further scuffling, Rutledge pointed the pistol at Williamson's head and shot her. Leavy did not recall Rutledge being injured.

After the police were alerted, Rutledge was apprehended with Williamson's body in the back seat of his car as he was about to cross the I-30 bridge over the Arkansas River. He was taken to University Hospital in Little Rock and treated for a gunshot wound to his left hand. On the stand, Rutledge testified he had hit Williamson with the pistol when the gun accidentally discharged, resulting in the wound to his hand. He said that he did not immediately realize the bullet had also hit Williamson.

█ In his brief, appellant asserts one point on appeal. Appellant alleges the trial court erred in denying his petition without a hearing because he made sufficient allegations to entitle him to a hearing, and that the order denying postconviction relief was defective. An evidentiary hearing should be held in a postconviction proceeding unless the files and the records of the case conclusively show that the prisoner is entitled to no relief. *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003).

█ Arkansas Rule of Criminal Procedure 37.3(a) requires, "If the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." The trial court has discretion pursuant to Ark. R. Crim. P. 37.3(a) to decide whether the files or records are sufficient to sustain the court's findings without a hearing. *Sanders*, 352 Ark. at 25, 98 S.W.3d 41. If the trial court fails to make findings as required by Ark. R. Crim. P. 37.3(a), it is reversible error, unless the record before this court conclusively shows that the petition was without merit. *Carter v. State,* 342 Ark. 535, 538, 29 S.W.3d 716, 718 (2000). We note that the trial record was abstracted, and as a public record already filed with the appellate court in the earlier appeal, need not be incorporated to form a part of the record before us. *Drymon v. State*, 327 Ark. 375, 938 S.W.2d 825 (1997).

█ In this case, the trial court did include written findings in his order, but appellant asserts the findings were deficient. Appellant asserts that the trial court did not use the term "conclu-

sively" in the order, that the references to the parts of the files or records relied upon were inadequate, and that the court mistakenly referenced appellant's medical records as introduced during his testimony. It is true that the transcript did not show the medical records were introduced during Rutledge's testimony, but despite appellant's assertion to the contrary, the record does reflect that Rutledge's medical records were introduced into evidence following the close of testimony. Appellant contends the medical records were introduced at that time and designated "for the record only." The medical records were introduced into evidence. *Rutledge I*, 345 Ark. At 247, 45 S.W.3d at 828. The trial transcript indicates Rutledge's record of treatment at University hospital for a gunshot wound was introduced as Defendant's Exhibit No. 3, which, as appellant's abstract indicates, was introduced into evidence without any designation that it was "for the record only." We find the trial court's references to the record, as set out below, were adequate to support the findings made.

█ We do not reverse a trial court's decision granting or denying postconviction relief unless the trial court's findings are clearly erroneous. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

Appellant's petition included four claims of error by trial counsel that he alleged constitute ineffective assistance of counsel. In the first two points, appellant contended trial counsel did not adequately investigate his claim that the shooting was an accident. As alleged in the first point, counsel was ineffective because he failed to obtain the medical records before trial. Next, appellant alleged trial counsel should have retained a forensic pathologist as an expert witness. Intertwined with this argument in his brief on appeal are subpoints involving trial counsel's motion for mistrial and appellant's motion for testing of physical evidence. The third point of error was counsel's failure to request a manslaughter instruction. Appellant's last claim was that counsel should have objected to a remark by the prosecution in closing statements that appellant may have shot Williamson with one bullet, and himself with another. The order dismissing the petition addressed the medical records claim and the manslaughter instruction claim.

■ The trial court may not have used the term "conclusively" in his order, but the findings on the points addressed were clearly to that effect. On the issue of the medical records, as noted, the trial court was correct in determining the records were introduced, even if those records were not introduced during appellant's testimony at trial. The trial court's findings were that appellant had shown no facts on this point indicating prejudice. We cannot say those findings were clearly erroneous.

■■ To prevail on a claim of ineffective assistance of counsel, the claimant must first show that counsel's performance was deficient, with errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment, and claimant must also show that this deficient performance prejudiced his defense through a showing that petitioner was deprived of a fair trial. *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. To rebut this presumption, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, *i.e.,* that the decision reached would have been different absent the errors. *Id.* at 38, 26 S.W.3d at 125. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the trial. *Id.*

■ Here, the medical records were introduced into evidence. Trial counsel did argue at trial that if the medical records had been available earlier, he would have used them to cross examine a witness, and presented them to the jury with greater emphasis. Even so, we cannot say the trial court was clearly erroneous in finding the facts presented did not indicate a different outcome would have resulted if counsel had obtained the records before trial. We affirm on this point.

■■ As to the manslaughter instruction, the trial court found the jury did not convict appellant of murder in the first degree, a lesser included offense on which the jury did receive instruction. Appellant admits that the failure of a jury to reduce one level normally precludes an argument that a further lesser offense instruction should have been given. The State reiterates that position, citing *Fudge v. State*, 341 Ark. 759, 20 S.W.3d 315 (2000). When a lesser included offense has been given, and the jury convicts of the greater offense, error resulting from the failure to

give an instruction on another still lesser included offense is cured. *McFarland v. State*, 337 Ark. 386, 989 S.W.2d 899 (1999). Appellant's argument on appeal that the medical records may have persuaded the jury to consider lesser offenses is undercut by the fact that those records were, in fact, introduced into evidence. We accordingly affirm on this point, as well.

On the two points not addressed by the trial court in his order, the State contends the issues were not preserved and appellate review is barred because there was no ruling on the claims. It is the appellant's obligation to obtain a ruling at trial in order to properly preserve an issue for review. *Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000). This court has held that a request that the trial court modify its order to include an omitted issue is not a request for rehearing, and where the appellant had opportunity to move for reconsideration, the issues were not preserved. *Id.* at 73, 8 S.W.3d at 34. However, under the circumstances of this case, appellant was not provided an opportunity to move for reconsideration of those issues. This court granted appellant's motion for belated appeal on the basis that the State could not demonstrate appellant had received prompt notice of the denial of his petition. Without notice, appellant would not have an opportunity to move for reconsideration. Accordingly, we must remand for the trial court to consider those two issues and determine the appropriate disposition, including whether a hearing would be appropriate. The trial court must provide this court with an amended order in accord with Ark. R. Crim. P. 37.3(a) within sixty days from the date of this opinion.

Affirmed in part and remanded in part.