Ellis Charles BUTLER  *v.*  STATE of Arkansas

CR 05-637                                        239 S.W.3d 514

Supreme Court of Arkansas
Opinion delivered September 21, 2006

*Craig Lambert*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

PER CURIAM. Ellis Charles Butler was convicted by a jury of three counts of rape. The victim was under the age of fourteen. He was sentenced to thirty-two years' imprisonment on each count to be served consecutively, for an aggregate sentence of ninety-six years' imprisonment.

Currently pending before this court is appellant's appeal from the denial of his petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1. In order to reach the merits of this appeal, it is necessary to review the history of this case. A time line of relevant events is as follows.

| | |
|---|---|
| 1997 | Appellant was convicted by a jury of three counts of rape and four counts of violation of a minor in the first degree. Appellant appealed the convictions. |
| 1999 | Based on the trial court's refusal to grant a continuance when appellant hired new counsel, this court reversed and remanded the case for a new trial. *Butler v. State*, 339 Ark. 429, 5 S.W.3d 466 (1999). |
| 2001 | On remand, appellant was convicted by a jury of three counts of rape after the other counts against appellant had been severed. Appellant appealed the convictions. |
| 6-13-2002 | We affirmed appellant's 2001 convictions. *Butler v. State*, 349 Ark. 252, 82 S.W.3d 152 (2002). |
| 7-2-2002 | This court's clerk issued a mandate remanding the case to the Faulkner County Circuit Court, but the mandate was erroneously dated June 2, 2002. |
| 8-12-2002 | Appellant timely filed a *pro se* petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1. Appellant and the State subsequently filed numerous responses, replies and motions related to appellant's petition. |
| 8-28-2002 | Appellant filed a *pro se* motion for leave to amend his *pro se* Rule 37.1 petition. |

| | |
|---|---|
| 9-4-2002 | The trial court entered an order denying appellant's *pro se* Rule 37.1 petition as being untimely filed, based upon the erroneous date shown on the clerk's mandate. |
| 12-2-2002 | The trial court entered a second order denying appellant's *pro se* Rule 37.1 petition as being untimely filed. |
| 1-6-2003 | Appellant filed a *pro se* motion for the trial court to reconsider the matter of timeliness. |
| 1-10-2003 | Appellant filed a *pro se* notice of appeal from the trial court's order denying appellant's *pro se* Rule 37.1 petition as being untimely. |
| 3-7-2003 | Appellant filed in this court a *pro se* motion to correct the clerical error in the clerk's mandate. |
| 3-20-2003 | Appellant filed in this court a *pro se* motion to compel the trial court to recall its order denying appellant's *pro se* petition for postconviction relief. |
| 5-15-2003 | We issued a *per curiam* order granting appellant's *pro se* motion to correct the clerical error, and denying appellant's *pro se* motion to compel. *Butler v. State*, CR 01-487 (Ark. May 15, 2003) (*per curiam*). |
| 9-5-2003 | Appellant filed in this court, through attorney Craig Lambert, a petition for belated appeal from the trial court's September 4, 2002 order denying appellant's *pro se* Rule 37.1 petition. |
| 9-25-2003 | We issued a *per curiam* order granting appellant's petition for belated appeal. *Butler v. State*, CR 03-1161 (Ark. Sept. 25, 2003) (*per curiam*). |
| 11-18-2004 | Based on the erroneous date contained in the clerk's mandate and the trial court's holding that appellant's *pro se* petition for postconviction relief was untimely filed, this court reversed and remanded the case to the trial court to consider appellant's postconviction petition for relief. *Butler v. State*, CR 03-1161 (Ark. Nov. 18, 2004) (*per curiam*).[1] |
| 12-6-2004 | Appellant filed in the trial court a *pro se* motion for leave to amend appellant's Rule 37.1 petition, as well as an amended *pro se* Rule 37.1 petition.[2] |

---

[1] We note that attorney Lambert's representation of appellant was limited to the belated appeal.

[2] The State and the trial court erroneously stated that this pleading was filed on December 2, 2004.

| | |
|---|---|
| 12-7-2004 | This court's clerk issued a mandate to the Faulkner County Circuit Court Clerk, remanding the case and reinvesting the trial court with jurisdiction. |
| 1-31-2005 | The State filed its response to appellant's *pro se* motion to file an amended Rule 37.1 petition. In its response, the State did not oppose the motion. The State also filed its response to appellant's amended *pro se* Rule 37.1 petition. |
| 2-7-2005 | Appellant filed a *pro se* reply to the State's response. |
| 2-23-2005 | Attorney Craig Lambert filed his entry of appearance on behalf of appellant in the trial court, and filed a motion for leave to amend appellant's Rule 37.1 petition, seeking an additional 120 days' time to file the amended petition.[3] |
| 3-10-2005 | The State filed its response to appellant's motion, filed by attorney Lambert, for leave to file an amended Rule 37.1 petition. In its response, the State objected to the filing of an amended petition. |
| 3-21-2005 | The trial court entered an order that:<br>(a) granted appellant's *pro se* motion for leave to amend;<br>(b) ruled on the merits of appellant's original *pro se* petition and amended *pro se* petition, denying relief with prejudice; and<br>(c) denied appellant's motion, filed by attorney Lambert, for leave to file an amended petition. |

From the trial court's March 21, 2005, order comes the instant appeal. Appellant's sole point on appeal is that the trial court erred in refusing to grant counsel's motion for leave to file an amended Rule 37.1 petition. Appellant does not contest the trial court's ruling on the merits of appellant's original *pro se* petition and amended *pro se* petitions.

We review a circuit court's denial of leave to amend a petition by an abuse-of-discretion standard. *Johnson v. State*, 356 Ark. 534, 157 S.W.3d 151 (2004) (citing *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003)). Abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004); *O'Neal v. State*, 356 Ark. 674, 158 S.W.3d 175 (2004).

---

[3] After filing his *pro se* amended petition, appellant again sought legal representation by attorney Lambert in early 2005.

In other words, we determine whether the trial court's decision was arbitrary or groundless. *Walker v. State*, 304 Ark. 393, 803 S.W.2d 502 (1991).

Initially, a procedural matter must be addressed. Here, appellant filed in the trial court a total of three motions for leave to amend appellant's Rule 37.1 petition. The first motion was filed *pro se* prior to the belated appeal. The trial court never addressed this motion.

The next motion was filed *pro se* prior to the issuance of this clerk's mandate that reinvested the trial court with jurisdiction after the belated appeal. On the same day, appellant also filed a *pro se* amended Rule 37.1 petition. The third motion for leave to file an amended petition was filed by appellant's attorney after jurisdiction over the matter had been returned to the trial court. The trial court granted the former motion, but denied the latter motion.

If a petitioner files a Rule 37.1 petition, including an amended petition, in the trial court before the issuance of a mandate by this court following an appeal, then the petition is of no effect. *See e.g., Worthem v. State*, 347 Ark. 809, 66 S.W.3d 665 (2002) (*per curiam*), *citing Porter v. State*, 339 Ark. 15, 2 S.W.3d 73 (1999). In *Benton v. State*, 325 Ark. 246, 925 S.W.2d 401 (1996) (*per curiam*), we held that a circuit court may not grant relief on a petition for which it does not have authority to consider. The rationale for this decision is that the trial court does not regain jurisdiction over the case until the mandate is issued. *Doyle v. State*, 319 Ark. 175, 890 S.W.2d 256 (1994) (*per curiam*); *Clements v. State*, 312 Ark. 528, 851 S.W.2d 422 (1993); *Morton v. State*, 208 Ark. 492, 187 S.W.2d 335 (1945). A court must have jurisdiction before it can do more with respect to a Rule 37.1 petition than examine it to see if it is timely. *Doyle, supra; Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989) (*per curiam*).

■ Because the second *pro se* motion for leave to amend and the amended *pro se* petition were filed when the trial court had no jurisdiction over this matter, those pleadings were of no effect due to the trial court's lack of jurisdiction over those pleadings. Thus, the pleadings that remained for the trial court to consider would have been the original *pro se* petition, the *pro se* motion for leave to amend the petition filed prior to appeal and the motion for leave to amend filed by appellant's attorney after appeal. As a

result, the trial court, in its order of March 21, 2005, erroneously addressed the *pro se* motion and amended petition filed on December 6, 2004.

Proceeding to the appeal in the instant matter, the State objected to counsel's motion for leave to amend, whereas the State did not object to appellant's *pro se* motion, now considered of no effect. In its response to counsel's motion, the State complained that appellant should not be allowed to amend his petition as he has had the benefit of the two previous years "to consider the State[']s arguments against his original petition," thereby giving appellant an unfair advantage over the State.[4] The State also claimed that granting counsel's motion would be opening the door to an "unending succession of petitions." Further, the State contended that counsel failed to set forth in his motion "some legitimate ground or justification for the amendment[.]" The trial court denied counsel's motion for leave to amend based on unfair advantage and appellant's failure to cite a legitimate ground or justification for filing an amended petition.

■ We first consider the considerable passage of time in this matter and any advantage accruing to the benefit of appellant as a result thereof. The period between appellant's original Rule 37.1 petition and the trial court's final order denying the petition amounted to more than two and one-half years. However, we cannot say that appellant failed to act with diligence during that period of time. The history of this matter set out above indicates that appellant acted with persistence in an effort to move the case forward, whether before this court on appeal or before the trial court after each remand. The State's contention that appellant benefitted from the lapse of time in this postconviction matter is without merit. For a period of time of almost two years, appellant was before this court seeking a reversal of the trial court's order regarding untimeliness — a situation that he did not create.

■ As support for the proposition that appellant is required to state a legitimate ground or justification for filing an amended petition, the State and the trial court cited this court's

---

[4] Arguably, appellant would have been the recipient of the same unfair advantage when he filed his 2004 *pro se* pleadings; yet, the State did not raise this argument in response to those pleadings. It is noteworthy that counsel's motion was filed less than three months after appellant filed his *pro se* pleadings in December, 2004.

decision in *Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000). *Rowbottom*, however, stands for the proposition that when seeking to file a petition in excess of the ten-page limit provided in Ark. R. Crim. P. 37.1(b), a motion must set forth a legitimate ground or justification for an enlarged petition. Here, appellant's counsel did not seek to file an enlarged petition. Rule 37.2(e) contains no such prerequisite, and requires only that a petitioner file the motion for leave to amend before the trial court acts on the original petition. Furthermore, appellant's attempt to amend his postconviction petition did not occur on the day of the Rule 37 hearing. *Weaver v. State*, 339 Ark. 97, 3 S.W.3d 323 (1999).

From the above-stated reasons, we conclude that the trial court abused its discretion in denying counsel's motion for leave to amend appellant's Rule 37.1 petition. Accordingly, we remand this matter to the trial court to issue an order permitting appellant to file an amended Rule 37.1 petition.

Reversed and remanded.