Cite as 2025 Ark. 38

# SUPREME COURT OF ARKANSAS

**No.** CR-24-563

| | | |
|---|---|---|
| JASON MEREDITH | | **Opinion Delivered:** April 10, 2025 |
| | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-97-281] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BRENT DILLON HOUSTON, JUDGE |
| | APPELLEE | <u>AFFIRMED</u>. |

**CODY HILAND, Associate Justice**

In 1998, after Jason Meredith pleaded guilty to first-degree murder, he filed a pro se Rule 37 petition alleging that his trial counsel misrepresented his parole eligibility. In 1999, Meredith filed a pro se motion for leave to amend his petition. Then in 2023, twenty-five years later, Meredith obtained new legal representation and filed a second motion for leave to amend his original petition. The circuit court entered an order denying both motions and, ultimately, the petition. We affirm.

## I. *Facts & Procedural History*

Jason Meredith and his co-defendant, Curtis Reese, were each charged with two counts of capital murder for the shooting deaths of Eric Ogden and Lance Kelloms. Before trial, the State agreed to waive the death penalty and reduce Meredith's charges to two counts of first-degree murder in exchange for his testimony against Reese. Meredith voluntarily pleaded guilty and received two concurrent sentences of life imprisonment. The sentencing order was filed on April 9, 1998.

On July 2, 1998, within ninety days of the judgment being entered, Meredith filed a pro se Rule 37 petition alleging (1) trial counsel was ineffective for failing to obtain a polygraph before he pleaded guilty, (2) trial counsel was ineffective for giving erroneous advice regarding parole eligibility for a life sentence, and (3) he discovered new evidence.[1] Fourteen months later, on September 20, 1999, Meredith filed a pro se motion to amend his petition to add the following: (1) trial counsel was ineffective for failing to conduct an adequate investigation; (2) he pleaded guilty to first-degree murder, which was not applicable to him; and (3) trial counsel was ineffective for failing to investigate potential mitigation witnesses.[2] Shortly thereafter, on October 7, Meredith filed a motion requesting a hearing date and appointment of counsel.[3]

After no action was taken for approximately six years, on November 28, 2006, Meredith contacted the Saline County Clerk's Office asking how much it would cost to copy the record related to his case and Rule 37 petition, and then again in 2007 requesting that those copies be made and provided to him. In both instances, the Deputy Clerk responded promptly, first providing the copy-cost amounts, and then the copies.

---

[1]The petition is signed, verified, and included a certificate of service, but said certificate was blank where the name of the prosecuting attorney should have been listed. The petition was fourteen pages total – ten typed, four handwritten. The handwritten pages did not comply with the margin requirement of Ark. R. Crim. P. 37.1, and Meredith did not seek leave to file an overlength and nonconforming petition.

[2]The motion is signed and verified but does not contain a certificate of service indicating the motion was ever served upon the State.

[3]The motion is signed but does not contain a certificate of service indicating that the motion was ever served upon the State.

On November 2, 2023, over sixteen years after his last communication was documented and over twenty-five years after filing his original petition, Meredith hired new legal representation and filed a second motion for leave to file an amended petition to "clarify and support" his previous arguments" and to "add additional claims"—specifically, he wanted to bolster his argument that trial counsel was ineffective for his misrepresentation regarding parole eligibility and for failing to investigate, and he wanted to add a new claim of ineffectiveness for erroneous advice regarding accomplice liability. On March 7, 2024, after a hearing, the circuit court entered an order denying both of Meredith's motions for leave to amend his petition because he failed to "act with due diligence in seeking relief under Rule 37.1." On May 17, 2024, the circuit court denied and dismissed with prejudice Meredith's Rule 37 petition for failure to comply with the length and formatting requirements of Rule 37.1(b).[4] In the alternative, the circuit court also denied and dismissed the petition with prejudice "because the files and records of the case conclusively show that the petition is entitled to no relief under Rule 37.3(a)." Based on the "uncertainty of the advice given concerning parole eligibility," the circuit court concluded Meredith failed to demonstrate that trial counsel was ineffective.

Now, Meredith timely appeals the denial of his motions to amend and the denial and dismissal of his Rule 37 petition.

## II.  *Motions for Leave to Amend Petition*

---

[4]When Meredith filed his petition in 1998, the page length and margin requirements for Rule 37 petitions were found at Ark. R. Crim. P. 37.1(e) (1998), instead of Ark. R. Crim. P. 37.1(b) (2024). The formatting requirements are the same in both versions.

Arkansas Rule of Criminal Procedure 37.2(e) states that "before the court acts upon a petition filed under this rule, the petition may be amended with leave of the court." Unlike the requirements for filing an overlength petition, Rule 37.2(e) does not require that a petitioner provide a legitimate ground or justification to amend a petition. *Butler v. State*, 367 Ark. 318, 239 S.W.3d 514 (2006). Rather, the decision is discretionary with the circuit court. *Lowe v. State*, 2012 Ark. 185, at 4, 423 S.W.3d 6, 12. On appeal, this court will not reverse a circuit court's decision denying leave to amend a petition absent an abuse of discretion. *Adams v. State*, 2013 Ark. 174, at 11, 427 S.W.3d 63, 70. "Abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the [circuit] court act improvidently, thoughtlessly, or without due consideration." *Arnold v. State*, 2022 Ark. 191, at 7, 653 S.W.3d 781, 787. In other words, we determine whether the circuit court's decision was arbitrary or groundless. *Walker v. State*, 304 Ark. 393, 803 S.W.2d 502 (1991).

Here, in a fourteen-page order, the circuit court thoroughly analyzed the facts and circumstances surrounding Meredith's motions as well as the legal arguments made by Meredith's counsel. Meredith contends that the circuit court applied the wrong standard in evaluating whether to grant his motion for leave to file an amended petition. He maintained that, under *Butler*, *supra*, as long as he filed the motion for leave to amend before the circuit court ruled on his original petition, then the circuit court was required to grant it. Meredith asserts that the circuit court could not consider his "lack of diligence" in pursuing relief because doing so amounted to a requirement that he provide a legitimate ground or justification to amend the petition. He is incorrect—*Butler* does not mandate reversal.

In that case, Butler filed a pro se Rule 37 petition, which the circuit court erroneously denied as untimely because the direct-appeal mandate contained the wrong issuance date. *Butler*, 367 Ark. at 319–20, 239 S.W.3d at 516. Once the timeliness issue was resolved, Butler retained counsel and filed a motion for leave to file an amended Rule 37 petition. *Id*. at 321, 239 S.W.3d at 517. The circuit court denied the motion because Butler failed "to cite a legitimate ground or justification for filing an amended petition," which was the standard for filing an enlarged petition, not an amended one. *Id*. at 323, 239 S.W.3d at 518. Because Ark. R. Crim. P. 37.2(e) does not require that a petitioner cite a legitimate ground or justification before filing an amended petition, this court found error. *Id*. at 324, 239 S.W.3d at 519. But the opinion did not stop there.

When considering whether Butler should be permitted to amend his petition, we stated, in pertinent part, the following:

> We first consider the considerable passage of time in this matter . . . . The period between [Butler's] original Rule 37.1 petition and the trial court's final order denying the petition amounted to more than two and one-half years. However, we cannot say that [Butler] failed to act with diligence during that period of time. The history of this matter set out above indicates that [Butler] acted with persistence in an effort to move the case forward.

*Id*. at 323, 239 S.W.3d at 518.

Thus, the conclusion that an abuse of discretion occurred was based not only on the circuit court's improper reliance on a different subsection of the rule but also on the arbitrary decision to deny the motion after failing to account for the specific circumstances surrounding Butler's case.

Here, the circuit court did not require "a legitimate ground or justification" but used its discretionary authority to analyze the extreme passage of time, over twenty-five years,

5

and the diligence and persistence, or lack thereof, with which Meredith sought relief. This was not an abuse of discretion.[5]

### III. *Denial and Dismissal of Petition*

First, the circuit court denied relief pursuant to Rule 37.1(b)[6]—"Considering [Meredith] filed an overlength petition and for the other reasons of noncompliance cited above, the petition is hereby denied and dismissed with prejudice." As the circuit court was well within its discretion to dismiss the petition entirely, we affirm on this point.

Alternatively, the circuit court also denied relief, without a hearing, based on the merits of the petition itself. Arkansas Rule of Criminal Procedure 37.3(a) states that "if the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." If the circuit court fails to make findings as required by Rule 37.3(a), this court will reverse unless the record

---

[5]Additionally, Meredith contends the circuit court's passing mention of *Nelson v. State*, 2014 Ark. 91, amounts to an abuse of discretion because it pertained to a petition for writ of error coram nobis, not a motion to file an amended petition. This argument is unpersuasive and without merit. It is clear from the order that the circuit court did not rely on *Nelson* in making its decision but simply referenced the legal proposition that "fundamental fairness does not require an unlimited opportunity to file Rule 37 petitions."

[6]Arkansas Rule of Criminal Procedure 37.1(b) provides that

> [t]he petition shall state in concise, nonrepetitive, factually specific language, the grounds upon which it is based. The petition, whether handwritten or typed, shall be clearly legible, and shall not exceed ten pages of thirty lines per page and fifteen words per line, with left and right margins of at least one and one-half inches and upper and lower margins of at least two inches. The circuit court or appellate court may dismiss any petition that fails to comply with this subsection.

"conclusively shows that the petition was without merit." *Rutledge v. State*, 361 Ark. 229, 233, 205 S.W.3d 773, 776 (2005).

We have frequently held that, when, as here, a defendant pleads guilty, the only claims cognizable in a proceeding pursuant to Rule 37.1 are those that allege that the plea was not made voluntarily and intelligently or that it was entered without effective assistance of counsel. *Cummings v. State*, 2011 Ark. 410. To prove counsel was constitutionally ineffective, the petitioner must show that (1) his counsel's conduct "fell below an objective standard of reasonableness . . . under the prevailing professional norms" and (2) counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687–88, 691–92 (1984). Unless the petitioner can show both prongs, he cannot prevail on an ineffective-assistance-of-counsel claim. *Feuget v. State*, 2015 Ark. 43, at 4, 454 S.W.3d 734, 738.

This court has held that there is no constitutional requirement that defense counsel inform his client about parole eligibility and that the failure to impart such information does not fall outside the range of competence demanded of attorneys in criminal cases. *Cummings*, 2011 Ark. 410, at 3. On the other hand, when an attorney's misadvice was "of a *solid* nature, directly affecting [appellant's] decision to plead guilty," we have recognized that such positive misrepresentations *may* amount to ineffective assistance. *Olivarez v. State*, 2012 Ark. 24, at 3–4 (emphasis added).

Here, the circuit court found that defense counsel's parole-eligibility advice was not certain and did not constitute a "positive misrepresentation." However, as alleged in the petition, counsel told Meredith before the plea hearing that he would "more than likely"

7

be eligible for parole after six years but would be denied the first couple of times before being granted parole. While counsel did not give a date certain for parole eligibility, he made a positive misrepresentation that Meredith would be parole eligible under a life sentence—when in fact, Meredith would never be eligible for parole. Additionally, the circuit court compared the above parole-eligibility-advice allegation with a second instance of alleged parole-eligibility advice and indicated that counsel's advice was conflicting. But the second discussion occurred *after* the plea and sentencing, and it is irrelevant to whether the plea was entered without effective assistance of counsel. Thus, the circuit court erred in comparing the alleged pre- and post-plea advice and finding the advice to be contradictory. The petition sufficiently alleged deficient performance by defense counsel regarding the parole-eligibility advice he gave to Meredith.

While the circuit court's findings regarding counsel's parole-eligibility advice are clearly erroneous, this court can affirm when the circuit court reaches the right result even if it is for the wrong reason. *E.g.*, *Flemons v. State*, 2016 Ark. 460, at 16, 505 S.W.3d 196, 208 ("We will affirm a trial court's decision if it reached the right result, albeit for the wrong reason."). Meredith's claim fails because he did not allege that, but for counsel's erroneous advice regarding parole eligibility, he would have insisted on going to trial (at which death was a possible sentence). His failure to allege prejudice conclusively shows that he is not entitled to relief, and no evidentiary hearing was necessary. *See Mancia v. State*, 2015 Ark. 115, at 5, 459 S.W.3d 259, 264 (stating that in order to show prejudice in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for

8

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial).

Affirmed.

Special Justices BARBARA HALSEY and MARK ALLISON join.

WOOD, J., dissents.

WEBB and BRONNI, JJ., not participating.

**RHONDA K. WOOD, Justice, dissenting.** Given the magnitude of the right at issue, Meredith's Sixth Amendment right to counsel, and the limited relief requested, leave to amend a Rule 37 petition, I would find the circuit court abused its discretion by denying Meredith's second motion to amend his Rule 37 petition. While we afford great discretion to circuit courts' decisions on motions like these, we reverse, even on abuse-of-discretion review, when the reasons for the denial are based on errors of law. For the following reasons, I dissent.

The circuit court gave three primary reasons for denying Meredith's motion to amend: (1) Meredith failed to act with due diligence; (2) Meredith failed to comply with Rule 37(e); and (3) because Meredith's trial counsel had died, the attorney couldn't refute Meredith's contentions. These reasons are inadequate and contain misunderstandings of the law.

The main reason the circuit court provided for denying the motion to amend was a finding that Meredith did not act with due diligence. The circuit court explained that Meredith did not actively pursue his case between filing his first motion to amend his petition in 1999 and the second motion to amend in 2023. Yet the law did not require this.

9

There is no standard of due diligence for a Rule 37 petition alleging ineffective assistance of counsel. Nor is there a due-diligence requirement that must be met to amend a Rule 37 petition. Ark. R. Crim. P. 37.2(e) ("Before the court acts upon a petition filed under this rule, the petition may be amended with leave of the court."). In contrast, due diligence is a requirement to obtain a writ of error coram nobis because there is no time requirement for filing that writ. *Philyaw v. State*, 2014 Ark. 130, at 6 ("Although there is no specific time limit for seeking a writ of error coram nobis, due diligence is required in making an application for relief."). This is distinguishable from a Rule 37 petition because Rule 37 contains a time requirement for filing the petition—which Meredith met. Ark. R. Crim. P. 37.2(c)(i).

To the extent the majority suggests *Butler* created a due-diligence requirement, it is wrong. *Butler* merely found that the petitioner could not be denied his motion to amend because he obtained a temporal advantage while he was diligently pursuing relief for an erroneous date on a mandate. *See Butler v. State*, 367 Ark. 318, 239 S.W.3d 514 (2006). To extrapolate this into a new due-diligence requirement where there is none is a misunderstanding of the core facts of *Butler*.

Also, Rule 37.3(c), as it existed in 1998, placed the duty to act on the court, not the defendant:

> (c) When a petition *is filed in the circuit court* and the court does not dispose of the petition under subsection (a) hereof, *the court shall cause notice of the filing thereof to be served on the prosecuting attorney* and the petitioner's counsel of record at the trial court level; and on the *petition the court shall grant prompt hearing* with proceedings reported.

10

Ark. R. Crim. P. 37.3(c) (1998) (emphasis added). Meredith thus did not have the burden of pursuing his case as the circuit court held. It was an abuse of discretion to apply a due-diligence standard and I would reverse for that reason.

A second reason the circuit court gave was that Meredith did not comply with Rule 37(e) when he filed his original petition because Meredith did not write a letter to tell the court he had filed the petition or requested a hearing. Again, the circuit court made an error of law. Rule 37(e) was not in effect when Meredith filed his petition in 1998, *see* Ark. R. Crim. P. 37 (1998), and Meredith did request a hearing in his petition in the prayer for relief. The provision the circuit court referred to was added in 2007—and even then, the rule states that failure to comply does not provide grounds to dismiss the petition. Ark. R. Crim. P. 37.1(e) ("Filings pursuant to this subsection (e) shall be used solely for purposes of Administrative Order No. 3, and failure to comply with this subsection (e) shall not be grounds for dismissing the petition.").

The final reason the circuit court gave for denying the motion to amend was that it would have been too difficult to have a hearing on the merits of the petition because Meredith's trial counsel had died. It cannot be proper grounds to deny a motion to amend a petition for Rule 37 relief—one based on the fundamental Sixth Amendment right to counsel—because the defendant suffered the misfortune of his attorney's death. That cannot be our standard, and it was an abuse of discretion for the circuit court to rely on such grounds to deny the motion to amend. The circuit court put the cart before the horse—it should have only decided the motion in front of it, which was the motion to amend, and handled the difficulties of conducting a hearing on the merits when it reached that stage of

the proceedings. We are often compelled to do difficult things to preserve the rights of the parties before us.

It is unclear why Meredith's petition, though timely filed, was not acted on for so many years. Much has changed in the intervening period, such as the advent of e-filing and electronic dockets. We have also taken corrective action and amended our rules. Perhaps, they need further amendment. Today, Rule 37.1(e) requires that, in addition to filing the petition, the petitioner "shall (i) send a letter to the judge of the circuit court that imposed the sentence notifying the judge that the petition has been filed and (ii) file with the clerk a copy of the letter notifying the judge that the petition has been filed." The rule also requires that the copies "shall reflect service on the prosecuting attorney." Yet as discussed above, Rule 37.1(e) did not exist in 1998 when Meredith filed his petition, and it would be an anachronism to hold Meredith to a standard that we had not yet adopted when he filed his petition. Additionally, finding that the original petition was noncompliant as a reason to not allow the subsequent amendment seems to defeat the purpose of allowing amendments. Amendments are curative in nature; we have a rule to allow them because we know parties do not always get the original pleadings right.

Finally, we consider the reason the petition is seeking to amend when we review on appeal the denial of the amendment. In *Sanders v. State*, we explained that it was an abuse of discretion to not allow an amendment when it appeared the circuit court was going to the merits of the underlying action rather than the reason for the amendment. 352 Ark. 16, 23, 98 S.W.3d 35, 40 (2003). There, this court said, while there may be an ultimate lack of proof, it was an abuse of discretion to deny the amendment. *Id*. Here, Meredith is seeking

12

to amend for two reasons: first, to get the petition within the page limit, and second, to articulate his original arguments from his petition more coherently because the original filing was pro se, and the new filing was drafted with the assistance of counsel. Those are both legitimate reasons to amend petitions.

Because I would find that the circuit court abused its discretion in denying Meredith's motion to amend his petition, I would not reach the remaining questions on appeal and would remand for the circuit court to consider the merits of Meredith's amended petition in the first instance.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.