Harless MAULDING *v.* STATE of Arkansas

CR 87-54 · 776 S.W.2d 339

Supreme Court of Arkansas
Opinion delivered September 11, 1989

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

PER CURIAM. ■ In the motion before us petitioner Harless Dale Maulding asks this court to allow him to file a forty-page petition pursuant to Criminal Procedure Rule 37. This court adopted a ten-page limitation on such petitions on June 5, 1989. Petitioner argues that it is a denial of due process of law to limit him to a ten-page petition when no such limitation existed at the time he was convicted of rape, kidnapping and burglary in 1986. We conclude that this court may place reasonable limitations on the form of pleadings before it and deny the motion.

■■ States are not obligated to provide for post-conviction relief after the defendant has failed to secure relief through direct review of his conviction. *Pennsylvania* v. *Finley*, 107 S. Ct. 1990 (1987); *Whitmore* v. *State*, 299 Ark. 55, 771 S.W.2d 266 (1989). Nevertheless, when a state undertakes to provide collateral relief, due process requires that the proceeding be fundamentally fair. *Pennsylvania* v. *Finley, supra; see Evitts* v. *Lucey*, 469 U.S. 387 (1985); *Robinson* v. *State*, 295 Ark. 693, 751 S.W.2d 335 (1988). Due process, however, does not require courts to provide an unlimited opportunity to present post-conviction claims. As we said in *Green* v. *State*, 277 Ark. 129, 639 S.W.2d 512 (1982), when addressing the issue of whether a *pro se* appellant had a constitutional right to file a handwritten brief:

> All state and federal courts have adopted rules for the administration of justice. The rules of an appellate court are intended to expedite the court's consideration of matters presented to it. The prompt and orderly disposition of cases depends in part on standards which control the content, length and form of the appeal brief.

Likewise, the prompt and orderly disposition of petitions for post-conviction relief requires standards to control the content, length and form of the petitions. Before the rule was adopted limiting petitions to ten pages, it was not uncommon to receive petitions of seventy-five pages or more which consisted of an endless number of allegations which were largely repetitious and meritless. Any person should be able to state legitimate grounds for relief in ten pages. Indeed, the rule places an entirely reasonable restriction on petitioners under Rule 37.

■ The petitioner's contention that he should not have to abide by the rule because it was not in effect when he was

convicted is without merit. The page limitation in question is a procedural rule and not an *ex post facto* application of substantive law since the rules which govern the form and length of petitions for post-conviction relief do not alter the substantive offense charged or the punishment attached to the crime. *See Dobbert v. Florida*, 432 U.S. 282 (1977); *Pickens v. State*, 292 Ark. 362, 730 S.W.2d 230, *cert. denied*, 108 S. Ct. 2699 (1987).

■ Petitioner argues that it would take him nine months to condense the forty-page petition to comply with the rule, causing his petition to be untimely because he could not tender it to this court within three years of the date he was sentenced as provided in Rule 37.2(c). He contends circumstances which arise by virtue of his being a prisoner make it difficult for him to rewrite the petition before the three-year limitation expires. While this court is cognizant of difficulties which may be caused by our procedural rules, due process does not require a separate set of rules for persons in prison. *See Abdullah v. State*, 294 Ark. 547, 744 S.W.2d 727 (1988); *Wade v. State*, 288 Ark. 94, 702 S.W.2d 28 (1986); *Bryant v. Lockhart*, 288 Ark. 302, 705 S.W.2d 9 (1986); *Thompson v. State*, 280 Ark. 163, 655 S.W.2d 424 (1983).

Motion denied.