Wardell WASHINGTON *v.* STATE of Arkansas

CR 91-286                                    823 S.W.2d 900

Supreme Court of Arkansas
Opinion delivered February 10, 1992

*Petitioner*, pro se.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for respondent.

PER CURIAM. The petitioner Wardell Washington was found guilty of forgery in the second degree in 1989 and sentenced as a habitual offender to thirty years imprisonment. The Court of Appeals affirmed. *Washington* v. *State*, CACR 89-204 (April 18, 1990). Petitioner now seeks permission to file a thirteen-page petition to proceed pursuant to Criminal Procedure Rule 37. This court adopted a ten-page limitation on such petitions on June 5, 1989. Petitioner contends that the final three pages of the petition are exhibits which will aid this court in

determining whether he is entitled to relief on certain grounds.

We have held that the rule limiting petitions under Rule 37 to ten pages paces an entirely reasonable restriction on petitioners for post-conviction relief. *Maulding* v. *State*, 299 Ark. 570, 776 S.W.2d 339 (1989). Due process does not require courts to provide an unlimited opportunity to present post-conviction claims or prevent a court from setting limits on the number of pages a petition may contain. *Maulding*, 299 Ark. 570, 776 S.W.2d 339.

Exhibits to a Rule 37 petition are considered a part of the petition for the purposes of determining whether the petition conforms to the ten-page limitation. Petitions will not be accepted for filing which exceed ten pages, unless the petitioner can demonstrate in a motion that he cannot adequately present his claims to the court in only ten pages.

It is important to note that allegations contained in a petition under Criminal Procedure Rule 37 must be supported by facts contained in the body of the petition which supports the allegations, but it is *not* required that documents, pages from the trial transcript, or other similar "proof" be attached to the petition for an allegation to be considered. The court may examine the record in the trial transcript in considering a petition without the record or transcript being attached to the petition.

Here, petitioner has attached to the petition a statement about the chain-of-custody of a black bag and its contents, a letter from petitioner to his attorney about the black bag, and a page from the trial transcript wherein the court imposed sentence as a habitual offender. None of the three attachments adds information to the petition which could not have reasonably been incorporated into the body of a ten-page petition. For this reason, the motion to file an overlength Rule 37 petition is denied.

Motion denied.

BROWN, J., would grant in part.