Raymond C. SANDERS Jr. *v.* STATE of Arkansas

CR 01-95                                          98 S.W.3d 35

Supreme Court of Arkansas
Opinion delivered February 13, 2003

*Jeff Rosenzweig,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Kent G. Holt,* Ass't Att'y Gen., for appellee.

D ONALD L. CORBIN, Justice. Appellant Raymond C. Sanders Jr. was convicted of two counts of capital murder in the Grant County Circuit Court and was sentenced to death. On appeal, this court affirmed his conviction, but reversed

his death sentence and remanded the case for resentencing. *See Sanders v. State*, 308 Ark. 178, 824 S.W.2d 353 (1992) ("*Sanders I*"). Upon remand, Appellant was again sentenced to death, and this court affirmed. *See Sanders v. State*, 317 Ark. 328, 878 S.W.2d 391 (1994), *cert. denied*, 513 U.S. 1162 (1995) ("*Sanders II*"). Subsequent to this court's decision, Appellant timely filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37. The trial court denied the petition without holding a hearing. We now reverse and remand for an evidentiary hearing pursuant to Rule 37.

In light of the fact that there have been two previous direct appeals in this matter, it is not necessary to go into a lengthy reci-tation of the underlying facts. *See Sanders I* and *Sanders II*. Suffice it to say, Appellant was convicted of the murders of Nancy and Charles Brannon on February 28, 1991. Following his convic-tion, Appellant filed two petitions under Rule 37. The first peti-tion was eleven pages long, with the eleventh page containing only the certificate of service. The second petition was a sixteen page "enlarged" version of the first petition.[1] In support of his petition, Appellant alleged that: (1) venue was changed without Appellant's consent and out of his presence; (2) several conflicts of interests precluded Appellant from receiving a fair trial; (3) Appel-lant's counsel was ineffective in both the guilt and penalty phases of his trial; and (4) the State improperly admitted a subsequent homicide as an aggravator during sentencing. Along with these petitions, Appellant also filed a motion seeking the court's permis-sion to file the enlarged Rule 37 petition. He also filed a motion to supplement his petition on the basis that he had obtained newly discovered evidence regarding a criminal association between Dan Harmon, the prosecutor in his case, and William Murphy, one of his attorneys in this case.

The trial court concluded that both motions exceeded the ten-page limit set forth in Rule 37.1(e) and summarily dismissed both petitions. The trial court then denied Appellant's motion to

---

[1] The "enlarged" petition did not raise any additional claims supporting Appellant's entitlement to Rule 37 relief; rather, the longer petition simply expands on those claims raised by Appellant in the first petition.

file the enlarged petition. The court also denied Appellant's motion requesting permission to supplement his original Rule 37 petition. The trial court then went on to state, however, that even if he were to consider Appellant's substantive arguments, he still would not prevail under Rule 37. According to the trial court, there was no genuine issue as to any material fact in Appellant's petition; thus, the State's motion for summary judgment under Ark. R. Civ. P. 56 was proper. The trial court based this finding on his conclusion that the Arkansas Rules of Civil Procedure are applicable to Rule 37 proceedings.

The trial court also determined that Appellant's petition failed under Rule 37.3(a), because it contained only conclusory allegations that lacked any factual support and did not warrant an evidentiary hearing. The trial court acknowledged that Appellant attempted to set forth additional facts in support of his petition regarding the criminal association between Harmon and Murphy that led to their indictments and ultimate convictions in federal court. The trial court concluded, however, that these facts were irrelevant to Appellant's petition, because Appellant failed to tie the crimes of Murphy and Harmon to his prosecution for the Brannon murders. This appeal followed.

Appellant raises several arguments on appeal. First, Appellant contends that it was error for the trial court to dismiss his original Rule 37 petition on the basis that it exceeded the page limits of Rule 37.1(e). Next, Appellant argues that the trial court erred in denying his motion to file an enlarged Rule 37 petition and his motion to supplement the petition. Appellant also contends that the trial court erred in applying the principles of Rule 56 to a Rule 37 proceeding. Finally, Appellant contends that his Rule 37 petition demonstrates that he is entitled to a hearing. We agree that Appellant has set forth sufficient facts in support of his petition for postconviction relief to warrant an evidentiary hearing. Having so concluded, it is unnecessary for us to consider the merits of Appellant's remaining arguments on appeal. For purposes of clarity, however, we will address each of the points raised by Appellant.

For his first point on appeal, Appellant argues that the trial court erred in denying his Rule 37 motion on the basis that the motion was eleven pages long. According to Appellant, the petition's eleventh page contained nothing but the certificate of service, which is not even required under any provision of Rule 37. Thus, Appellant argues the trial court erred in dismissing his petition on this procedural basis.

Under Ark. R. Crim. P. 37.1(e), petitions for postconviction relief shall not exceed ten pages in length. This court has held that the rule limiting petitions to ten pages is an entirely reasonable restriction on petitioners seeking postconviction relief. *See Washington v. State*, 308 Ark. 322, 823 S.W.2d 900 (1992); *Maulding v. State*, 299 Ark. 570, 776 S.W.2d 339 (1989). In fact, this court has stated that due process does not require courts to provide an unlimited opportunity to present postconviction claims or prevent a court from establishing limits on the number of pages in a petition. *Id.* Moreover, this court has held that any exhibits attached to a petition filed under Rule 37 are counted for purposes of determining whether the petition conforms to the ten-page limitation. *Washington*, 308 Ark. 322, 823 S.W.2d 900. This court has not, however, considered the issue of whether a page containing only a certificate of service should count towards that page limitation. We think that it should not.

This court has repeatedly stated that, in death cases where a Rule 37 petition is denied on procedural grounds, great care should be exercised to assure the denial rests on solid footing. *Echols v. State*, 344 Ark. 513, 42 S.W.3d 467 (2001); *Wooten v. State*, 338 Ark. 691, 1 S.W.3d 8 (1999). In this case, the substance of Appellant's petition was concluded half-way through the tenth page. Appellant's counsel's signature followed on the remainder of the tenth page, with the certificate of service carried over to the next page. It is, therefore, unreasonable to dismiss a petition as too long under these circumstances. Accordingly, the trial court abused its discretion in summarily dismissing Appellant's original Rule 37 petition because it exceeded ten pages.

With regard to Appellant's contention that the trial court erred in denying his motion to file an enlarged petition, we

disagree. This court's Rules of Criminal Procedure do allow for the amendment of Rule 37 petitions, but only with leave of the court. Ark. R. Crim. P. 37.2(e). In *Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000), the trial court found that the appellant failed to set forth any legitimate ground or justification for filing the enlarged petition. This court affirmed on appeal. Likewise, in the present matter, Appellant fails to establish that the trial court abused its discretion in denying the motion to file an enlarged petition. As the trial court pointed out, Appellant spent the majority of his motion attacking the page restrictions of Rule 37.1(e), rather than establishing a need to exceed that limitation. Accordingly, the trial court did not err on this point.

Appellant also argues that the trial court erred in denying his motion to supplement his Rule 37 petition so that he could raise the allegations regarding the criminal relationship between the prosecutor, Harmon, and his own defense counsel, Murphy. The trial court denied this motion on the ground that it was facially meritless. Specifically, the trial court stated that the motion failed to demonstrate any nexus between the criminal activities of Murphy and Harmon with the prosecution of Appellant for the Brannon murders. While we agree that there is a lack of proof of any such nexus, we think the trial court abused its discretion in denying the motion to supplement on this basis.

The motion at issue here set forth in detail the offenses that Harmon and Murphy were accused of, as well as the time periods in which these offenses allegedly occurred. The offenses included attempts to extort money from criminal defendants that occurred around the time that Appellant was represented by Murphy and prosecuted by Harmon. While it is not clear whether there is any nexus between the two, the facts alleged by Appellant in his petition raise more than the mere specter of an improper relationship between the prosecutor and defense counsel that may have prejudiced Appellant in his trial. Accordingly, the trial court abused its discretion in refusing to allow Appellant to supplement his petition with this newly obtained information.

Appellant's next argument is that the trial court erred in granting the State's motion for summary judgment under Ark.

R. Civ. P. 56, as that rule is not applicable in Rule 37 proceedings. The State counters that even if Rule 56 is not applicable, the trial court still based his denial of Appellant's claims under both Rule 56 and Rule 37.3; thus, Appellant's argument on this point is without merit. We agree with the State that the trial court's application of Rule 56 did not prejudice Appellant, because the trial court alternatively relied on Rule 37.3. Again, though, we address this issue in order to prevent any future confusion.

■ ■ This court has long recognized that Rule 37 proceedings are civil in nature. *See State v. Hardin*, 347 Ark. 62, 60 S.W.3d 397 (2001); *Brady v. State*, 346 Ark. 298, 57 S.W.3d 691 (2001); *Arkansas Pub. Defender Comm'n v. Greene County Cir. Court*, 343 Ark. 49, 32 S.W.3d 470 (2000). Moreover, this court has referred to and applied the Rules of Appellate Procedure— Civil when necessary in criminal appeals. *Id*; *Byndom v. State*, 344 Ark. 391, 39 S.W.3d 781 (2001). Usually, this court's discussion of the civil nature of Rule 37 proceedings is in the context of a petitioner seeking the appointment of counsel for the pursuit of his Rule 37 petition. *See, e.g., Greene County*, 343 Ark. 49, 32 S.W.3d 470. This court has also applied a civil appellate rule in a Rule 37 proceeding where the State seeks to appeal from the grant of postconviction relief. *See, e.g., State v. Dillard*, 338 Ark. 571, 998 S.W.2d 750 (1999). We have not, however, applied the Rules of Civil Procedure to a Rule 37 action.

Here, the State attempts to rely on this court's decision in *Nance v. State*, 339 Ark. 192, 4 S.W.3d 501 (1999), in support of its argument that Rule 56 is applicable. *Nance* is of no help to the State. That case involved an appeal from the denial of a Rule 37 petition, following a motion by the State for summary judgment on the pleadings. The trial court determined that the pleadings were conclusory and insufficient to warrant postconviction relief. This court affirmed the trial court's denial of the petition, but analyzed the denial of the claim under Rule 37.3(a). Nothing in the opinion indicates that Rule 56 is applicable to Rule 37 proceedings.

■ The very provisions of Rule 56 demonstrate its inapplicability to the present matter. Rule 56(c)(2) states in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law on the issues specifically set forth in the motion.

There are no depositions, interrogatories, or other pleadings at issue in Rule 37 proceedings. In determining whether a petitioner has established grounds entitling him to Rule 37 relief, the trial court relies on the Rule 37 petition itself. Rule 37.3(a) provides its own mechanism for dealing with conclusory petitions. It states in relevant part:

> If the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any part of the files, or records that are relied upon to sustain the court's findings.

Accordingly, it was error for the trial court to apply the summary-judgment principles of Rule 56 to this case.

For his final point on appeal, Appellant argues that he was entitled to a hearing on his Rule 37 petition, as he set forth numerous grounds entitling him to relief. The State counters that Appellant's allegations are either procedurally barred or amount to nothing more than mere conclusory allegations. The trial court agreed with the State that Appellant's petition contained only conclusory allegations and adopted the assertions set forth by the State in its Rule 56 motion as its findings of fact. This was error.

■ ■ It is undisputed that the trial court has discretion pursuant to Rule 37.3(a) to decide whether the files or records are sufficient to sustain the court's findings without a hearing. *See Bilyeu v. State*, 337 Ark. 304, 987 S.W.2d 277 (1999); *Luna-Holbird v. State*, 315 Ark. 735, 871 S.W.2d 328 (1994). This court has previously interpreted Rule 37.3 to "provide that an *evidentiary hearing should be held* in a postconviction proceeding *unless* the files

and record of the case conclusively show that the prisoner is entitled to no relief." *Wooten*, 338 Ark. 691, 694, 1 S.W.3d 8, 10 (emphasis added) (quoting *Bohanan v. State*, 327 Ark. 507, 510, 939 S.W.2d 832, 833 (1997) (*per curiam*)). Where the trial court concludes, without a hearing, that the petitioner is not entitled to relief, Rule 37.3(a) requires the trial court to make written findings specifying the parts of the record that form the basis of the trial court's decision. *Id.*; *Smith v. State*, 300 Ark. 291, 778 S.W.2d 924 (1989). If the trial court fails to make such findings, it is reversible error, unless the record before this court conclusively shows that the petition is without merit. *Bohanan*, 327 Ark. 507, 939 S.W.2d 832.

In the present case, we are confronted with two problems. First, even if we were to accept the trial court's adoption of the State's assertions as sufficient findings of fact, the trial court's order still fails to comply with the requirements of Rule 37.3(a), because the order does not specify those parts of the record relied on to form the basis of the order. As we stated in *Stewart v. State*, 295 Ark. 48, 746 S.W.2d 58 (1988), such a failure constitutes reversible error, unless this court can determine from the record as a whole that the petition has no merit. Upon reviewing this record, we cannot say that it conclusively shows that Appellant's petition is without merit.

Appellant has submitted a petition that states facts sufficient to render his allegations more than conclusory. In addition, he attempted to supplement his petition with facts regarding the relationship between Harmon and Murphy that call into question the fairness of his capital-murder trial. We believe the instant case is analogous to the United States Supreme Court's decision in *Bracy v. Gramley*, 520 U.S. 899 (1997). There, the defendant was convicted of armed robbery, aggravated kidnapping, and murder and was sentenced to death. Following a denial of his request for postconviction relief, the defendant sought federal habeas corpus relief. The federal district court denied his petition, and he appealed to the United States Supreme Court. At issue was whether the defendant had shown good cause to prove his claim that he was denied a fair trial, because the judge who presided at

his trial was later convicted of taking bribes from criminal defendants.

On appeal, the Supreme Court reversed and remanded the matter to the federal district court with instructions that the defendant be allowed to conduct discovery into his allegation. The Court recognized that there was no allegation that the trial judge tried to obtain a bribe from this particular defendant, but expressed concern over evidence that the trial judge "fixed" other murder cases around the same time as this defendant's case was pending. The Court determined that the defendant had shown good cause for conducting discovery into his allegation that the trial judge was biased in favor of the prosecution in order to cover up the fact that the judge accepted bribes from other defendants.

We find *Bracy* to be more persuasive than *Lovell v. State*, 984 P.2d 382 (Utah 1999), a case relied on by the State in support of its contention that Appellant is not entitled to an evidentiary hearing. That case involved an attorney who had an extensive, but legal, relationship with the prosecutor. The Utah Supreme Court determined that there was no conflict of interest, because the defendant failed to demonstrate that other counsel would have approached the case differently. The State ignores, however, the fact that the defendant had previously been granted an evidentiary hearing into his allegation that he was prejudiced by the conflict of interest between his counsel and the prosecutor.

Finally, we note that in *Sanchez v. State*, 290 Ark. 39, 716 S.W.2d 747 (1986), this court allowed the appellant to proceed with an evidentiary hearing pursuant to Rule 37, despite the conclusion that the majority of the appellant's claims were not cognizable under Rule 37 or failed to demonstrate that he was entitled to relief under the rule. Nonetheless, this court determined that a hearing was warranted on the allegation of ineffective assistance of counsel, because the appellant discovered after his trial that his attorney was under indictment at the time of this trial in the same court as the appellant was being tried. Recognizing that this may have created a conflict of interest, this court granted the appellant a hearing on this issue.

█ • In summary, this court cannot ignore the fact that Appellant was represented in a capital-murder case by someone who was later indicted on charges of racketeering and conspiracy along with the man who prosecuted Appellant. Appellant has set forth sufficient facts in his petition demonstrating that he is entitled to pursue these claims in the course of an evidentiary hearing. We are mindful of our previous acknowledgment that death-penalty cases are different from other criminal cases, due to the obvious finality of the punishment. *See, e.g., Gregg v. Georgia*, 428 U.S. 153 (1976); *Echols*, 344 Ark. 513, 42 S.W.3d 467; *ACLU, Inc. v. State*, 339 Ark. 314, 5 S.W.3d 418 (1999); *Franz v. State*, 296 Ark. 181, 754 S.W.2d 839 (1988), *modified on other grounds*, *State v. Robbins*, 339 Ark. 379, 5 S.W.3d 51 (1999). With that said, we remind Appellant that this evidentiary hearing is strictly limited to those issues already raised by Appellant in his petition. This is not an opportunity to raise new issues.

█ █ Appellant also urges this court to remand this matter for a hearing before a different judge. He contends that the trial judge in this case has already expressed his opinion regarding the merits of his petition and, thus, is biased against Appellant. We disagree. It is well settled that there is a presumption of impartiality on the part of judges. *Davis v. State*, 345 Ark. 161, 44 S.W.3d 726 (2001); *Black v. Van Steenwyk*, 333 Ark. 629, 970 S.W.2d 280 (1998). The question of bias is usually confined to the conscience of the judge. *Id.*; *Dolphin v. Wilson*, 328 Ark. 1, 942 S.W.2d 815 (1997). Appellant has failed to overcome the presumption of impartiality. Accordingly, we decline to remand this case to a different trial judge.

█ █ As a final note, Appellant asks this court to make a determination of whether the protections of Rule 37.5 should be applied to him in this case. Rule 37.5, which became effective on August 1, 1997, provides the method for pursuing postconviction relief in death-penalty cases. The rule evolved from Act 925 of 1997, now codified at Ark. Code Ann. §§ 16-91-201 to -206 (Supp. 1999), where the General Assembly expressly noted that the intent of the Act is to comply with federal law by instituting a comprehensive state-court review. *See* section 16-91-204; *Porter v. State*, 332 Ark. 186, 964 S.W.2d 184 (1998) (*per*

*curiam*). The purpose of a meaningful state review is to eliminate the need for multiple federal habeas corpus proceedings in death cases. *Id.* Appellant recognizes that the rule is inapplicable to his case, because he became eligible to file his Rule 37 petition prior to the effective date of Rule 37.5. *See* Rule 37.5(k). He argues, though, remanding his case without providing him counsel under Rule 37.5 amounts to a denial of equal protection in violation of the Fourteenth Amendment and Article 2, § 18, of the Arkansas Constitution. Although this court in *Wooten*, 338 Ark. 691, 1 S.W.3d 8, addressed the application of the principles of Rule 37.5 to a petition filed before the rule's effective date, we are unaware of such a need in the instant case. It is apparent from the record before us that Appellant is already represented by qualified counsel; thus, any discussion of appointing counsel pursuant to Rule 37.5 is moot.

Reversed and remanded.