SLIP OPINION  Cite as 2013 Ark. 431

# SUPREME COURT OF ARKANSAS

No. CR-12-206

| | |
|---|---|
| JONATHAN DAVID MOSS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered October 31, 2013<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT, 23CR-08-432, HON. DAVID L. REYNOLDS, JUDGE<br><br>REVERSED AND REMANDED. |

## PER CURIAM

In 2009, appellant Jonathan David Moss was found guilty of theft of property in a trial to the bench and sentenced to 240 months' imprisonment. The Arkansas Court of Appeals affirmed. *Moss v. State*, 2010 Ark. App. 96.

Subsequently, appellant timely filed in the trial court a pro se verified petition for relief under Arkansas Rule of Criminal Procedure 37.1 (2009). The court dismissed the petition for failure to comply with the requirements of the Rule as set out in Rule 37.1(b) pertaining to the width of margins in a petition. Appellant failed to timely file a notice of appeal from the order, and this court granted appellant's motion to proceed with a belated appeal in a per curiam order entered May 10, 2012. Our jurisdiction on appeal is pursuant to Rule 37 and Arkansas Supreme Court Rule 1–2(a)(8) (2013).

When the trial court dismissed the petition, it mistakenly referred to "Rule 37.1(e)" as being the portion of the Rule that governs the margins required in a petition. Rather, it is Rule 37.1(b) that contains the language cited by the trial court in its order setting out that margins must be of at least a certain width. The trial court concluded that appellant's petition did not

conform to the "strict formatting, content, and page requirements" of the Rule and that the failure to conform to the Rule deprived the court of jurisdiction to act. Compliance with Rule 37.1(b), however, is not jurisdictional in nature. *Barrow v. State*, 2012 Ark. 197. A court may elect to rule on a petition that does not comply with Rule 37.1(b). Accordingly, once appellant filed his timely, verified petition, the trial court had the discretion to act on the merits of the petition, dismiss it without prejudice to filing a petition that conformed to Rule 37.1(b), or dismiss the petition. *See id.* As it appears that the trial court dismissed appellant's petition on the basis that it had no jurisdiction to consider it, we reverse the order and remand the matter to the trial court.[1]

Reversed and remanded.

*Jonathan David Moss*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

---

[1]The margins in appellant's nine-page typed petition, while slightly less than the width required in Rule 37.1(b), were ample; that is, the petition can be easily read.