# SUPREME COURT OF ARKANSAS

No. CR–12-338

| | |
|---|---|
| CLEVELAND EVANS<br>APPELLANT | Opinion Delivered January 16, 2014 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. CR–2008-5049] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | AFFIRMED. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Cleveland Evans was convicted of premeditated and deliberated capital murder and sentenced to life imprisonment without the possibility of parole, and this court affirmed that conviction and sentence in *Evans v. State*, 2011 Ark. 33, 378 S.W.3d 82. Evans then filed a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37, alleging that his trial attorney was ineffective. After an evidentiary hearing, the circuit court denied Evans's petition on January 17, 2012. Evans now appeals from that denial and argues that the circuit court erred by (1) not permitting him to amend his Rule 37 petition and (2) denying his petition. We affirm.

On the same day that Evans filed his Rule 37 petition, he filed a motion stating that he was unable to adequately present his claims within Rule 37's ten-page allotment and, therefore, requested that the court either allow him to amend his petition or to file an over–length petition. The circuit court denied his motion, and Evans now argues that the circuit

court erred by doing so. He specifically argues that by the circuit court denying him an attorney and not allowing him to amend his petition, the vast majority of his petition is irrelevant to an argument that counsel was ineffective. We find no error in the circuit court's denial and affirm on this point.

First, although Evans did not develop an argument about not having been represented, we note that there is no absolute right to appointment of counsel in postconviction or civil matters. *See Smith v. State*, 2010 Ark. 365 (per curiam). We have held that if an appellant makes a substantial showing that he is entitled to relief in a postconviction appeal and that he cannot proceed without counsel, we will appoint counsel. *See id*. However, in the instant case, Evans has not demonstrated merit to his appeal and, therefore, has not met his burden of establishing that he is entitled to appointment of counsel.

We move now to Evans's complaint regarding the page limitation. Under Ark. R. Crim. P. 37.1(e), petitions for postconviction relief shall not exceed ten pages in length. This court has held that the rule limiting petitions to ten pages is an entirely reasonable restriction on petitioners seeking postconviction relief. *See Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003); *Washington v. State*, 308 Ark. 322, 823 S.W.2d 900 (1992). In fact, this court has stated that due process does not require courts to provide an unlimited opportunity to present postconviction claims or prevent a court from establishing limits on the number of pages in a petition. *See id*. While this court's Rules of Criminal Procedure do allow for the amendment of Rule 37 petitions, it is only with leave of the court. *See* Ark. R. Crim. P. 37.2(e). Our standard of review as to the denial of leave to amend is abuse of discretion; we

determine whether the circuit court's decision was arbitrary or groundless. *See Adams v. State*, 2013 Ark. 174, ___ S.W.3d ___.

Here, Evans fails to establish that the circuit court abused its discretion in denying the motion to file an enlarged petition. He admittedly included only one paragraph in the entire petition that was relevant to the issue of whether his counsel was ineffective and did not include it until the twentieth paragraph. Evans failed to "state in concise non–repetitive, factually specific language, the grounds upon which" his claims were based as instructed by Rule 37.1. As a result, he squandered away the opportunity he had to raise the relevant ineffective-assistance claims in his petition. Accordingly, the circuit court did not err in denying his motion.

For his second point on appeal, Evans simply argues that his counsel was ineffective for not having sent the casings and projectiles found at the scene of the crime to the Arkansas Crime Laboratory for testing. However, that argument was not included in Evans's original Rule 37 petition. Although he now argues that he would have made that specific argument had he been allotted the additional pages, the fact remains that the argument was not presented in the petition and not specifically ruled on by the circuit court in its denial. We have already determined that the court did not abuse its discretion by refusing to allow him to file an extended brief. It is axiomatic that an argument is not preserved for appellate review unless the circuit court ruled on that specific objection below. *See Riley v. State*, 2012 Ark.

462. Therefore, this court cannot now reach this issue and must affirm.[1]

Affirmed.

*Bill Luppen*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.

---

[1]In light of *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012), we also note that Evans's claim is without merit for the following reasons: (1) ballistics testing was irrelevant to support the defense's theory of the case that Evans was not present and, therefore, could not have committed the crime; (2) given the circumstances, this court could not have held that the failure to get that testing done was not within counsel's reasonable, professional judgment or was an error so serious that he was not functioning as the constitutionally guaranteed "counsel"; and (3) Evans failed to demonstrate any reasonable probability that ballistics testing would have yielded favorable results for the defense.