SLIP OPINION

Cite as 2015 Ark. 23

# SUPREME COURT OF ARKANSAS

No. CR-14-716

| | | |
|---|---|---|
| OLAJUWON SMITH | | **Opinion Delivered** January 22, 2015 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE |
| V. | | BENTON COUNTY CIRCUIT COURT, |
| | | MOTION TO COMPEL CIRCUIT |
| STATE OF ARKANSAS | | CLERK TO LODGE ENTIRE |
| | | RECORD, MOTION TO SUPPLEMENT |
| | APPELLEE | ADDENDUM, AND MOTION FOR |
| | | EXTENSION OF TIME TO FILE |
| | | REPLY BRIEF |
| | | [NO. 04CR-08-1239] |
| | | |
| | | HONORABLE BRAD K. KARREN, |
| | | JUDGE |
| | | |
| | | AFFIRMED; MOTIONS MOOT. |

## PER CURIAM

On November 14, 2013, judgment was entered reflecting that appellant Olajuwon Smith had entered pleas of guilty to multiple felony offenses. On January 21, 2014, appellant filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). The petition was dismissed on January 23, 2014, on the ground that it did not comply with Rule 37.1(b), which sets out certain requirements for the form of a petition under the Rule. On January 31, 2014, appellant filed a second petition under Rule 37.1, which the court denied on February 14, 2014, on the ground that appellant was not entitled to file a second petition under the Rule inasmuch as the court had not dismissed the first petition without prejudice to filing a second petition. Appellant filed a notice of appeal on February 27, 2014, designating that the appeal was being taken from the February 14, 2014

order. Now before us is that appeal and several motions filed by appellant that pertain to the appeal. As we find that the February 14, 2014 order should be affirmed, the motions are moot.

Rule 37.2(b) provides that all grounds for relief available to a petitioner under the Rule must be raised in his or her original petition unless the original petition was denied without prejudice to filing a second petition. If a first petition under the Rule is denied without leave to proceed with a second petition, a petitioner under the Rule is barred from submitting a subsequent petition. *Ewells v. State*, 2014 Ark. 351, 439 S.W.3d 667 (per curiam); *see also Cooper v. State*, 2014 Ark. 243 (per curiam) (noting that Rule 37.2(b) does not permit a second petition for postconviction relief unless the first such petition was specifically denied without prejudice to filing a subsequent petition).

Failure to comply with Rule 37.1(b) is not a jurisdictional defect, and the trial court may rule on a petition that does not conform to the Rule. *Moss v. State*, 2013 Ark. 431 (per curiam); *Barrow v. State*, 2012 Ark. 197 (per curiam). We held in *Moss* that, when a petitioner timely files his verified petition that does not comply with Rule 37.1(b), the trial court has the discretion to act on the merits of the petition, dismiss it without prejudice to filing a petition that conforms to Rule 37.1(b), or dismiss the petition.[1]

Appellant urges this court to overturn the trial court's holding that the second petition was not authorized by the Rule because there was good cause for his failure to file a conforming

---

[1]We have reversed and remanded on appeal where the trial court dismissed the petition solely on the basis that it did not have jurisdiction to act on a petition that did not conform to Rule 37.1(b). *Moss*, 2013 Ark. 431. In the instant case, the trial court did not dismiss appellant's petition for lack of jurisdiction; it dismissed for failure to comply with the Rule, and it did not provide that appellant could submit a second, complying petition.

SLIP OPINION

petition. He contends that his first petition was not in compliance with Rule 37.1(b) as the result of his being denied access to the court because of the inadequate law library at the prison where he is incarcerated. He argues that he was not afforded adequate information and assistance from the library in preparing the first petition, and, thus, he should have been permitted to proceed with a second petition that conformed to Rule 37.1(b).

Appellant's argument is unavailing. First, appellant did not appeal from the order that dismissed his original petition. His appeal is from the February 14, 2014 order that denied relief on the ground that a second petition was not allowed under the Rule. Moreover, even if appellant's argument could be said to apply to the denial of the original petition, he did not demonstrate that he was entitled to file a subsequent petition.

While persons who are incarcerated may face certain obstacles in pursuing access to the courts, we take judicial notice that appeals from postconviction orders are frequently lodged in this court by incarcerated persons who have filed petitions that conform to Rule 37.1(b). The fact that those conforming petitions are filed by petitioners who also may be assumed to confront certain hurdles occasioned by their incarceration suggests that Rule 37.1(b) is not unduly burdensome.

While there is no constitutional right to a postconviction proceeding, when a state undertakes to provide collateral relief, due process requires that the proceeding be fundamentally fair. *Davis v. State*, 2010 Ark. 366 (per curiam). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Id.* Due process does not require courts to provide an unlimited opportunity to present postconviction

SLIP OPINION

claims. *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam); *Maulding v. State*, 299 Ark. 570, 776 S.W.2d 339 (1989) (per curiam). This court has held that certain procedural requirements or other limitations on postconviction relief do not violate the right to due process. *See, e.g.*, *Croft v. State*, 2010 Ark. 83 (per curiam) (a petition under the rule not verified in accordance with Rule 37.1(c) is subject to dismissal); *Robinson v. State*, 295 Ark. 693, 751 S.W.2d 335 (1988) (per curiam) (requiring a petition for postconviction relief to meet certain threshold requirements is fundamentally fair). Placing certain limitations on the length and form of petitions under the Rule is an entirely reasonable restriction on petitioners seeking postconviction relief. *See Davis*, 2010 Ark. 366.

This court is not unmindful of the holdings by the United States Supreme Court in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911 (2013). The *Martinez* Court held that, when state law requires a prisoner to use a collateral attack rather than a direct appeal to raise a claim that his trial attorney was not effective under the Sixth Amendment, the prisoner's failure to comply with state rules in bringing his collateral attack on the judgment will no longer bar a federal judge from granting habeas relief on that claim, if the prisoner had no attorney to represent him in the collateral proceeding or that attorney was ineffective and if the petition filed in the state court had a meritorious claim. In *Trevino*, the Court extended its holding in *Martinez* to cases in which a state's procedural framework make it unlikely in a typical case that a defendant would have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. Neither *Martinez* nor *Trevino* requires this court to forgo procedural rules that serve to streamline the

process by which petitioners present claims for postconviction relief to the trial courts. The prompt and orderly disposition of petitions for postconviction relief requires standards to control the content, length and form of the petitions, and the number of such petitions that each petitioner is permitted to file. *See Maulding*, 299 Ark. 570, 776 S.W.2d 339.

Affirmed; motions moot.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I cannot accept the majority's rationale for disposing of Mr. Smith's bid for postconviction relief. Although the per curium purports to dismiss Mr. Smith's petition as an impermissible second request for postconviction relief, this description of what actually transpired is disingenuous.

As is usually the case, Mr. Smith's Rule 37 petition was handwritten. His so-called first petition was rejected by the circuit court because he wrote a few sentences below the lines on a preprinted form. Specifically, the circuit court found that "[p]ages (4) four and (6) six of the petition are forty-two (42) lines of handwritten argument which exceeds the thirty (30) line limit per page." Despite the fact that Mr. Smith used only eight of the ten pages that he was allotted in Rule 37.1(b), the circuit court dismissed the petition. The circuit court did not, however, dismiss the petition with prejudice.

Mr. Smith's so-called second petition was merely a corrected version of the so-called first petition that conformed to the dictates of Rule 37.1(b). Mr. Smith's strict observance of the thirty-line requirement resulted in a nine-page petition. The circuit court, however, noted that Mr. Smith did not request leave of the court to file an amended petition and cited

Rule 37.2, which proscribed the filing of more than one petition for postconviction relief. It granted the State's motion to dismiss Mr. Smith's corrected petition. This dismissal is unjust.

I am mindful that this court's per curium relies on *Moss v. State*, 2013 Ark. 431, for the proposition that when a prisoner files a verified petition that does not comply with Rule 37.1(b), a circuit court has the "discretion" to act on the merits of the petition, dismiss it without prejudice to filing a petition that conforms to Rule 37.1(b), or dismiss the petition. Such unbridled power is not judicial discretion. It is black–letter law that judicial discretion means:

> [D]iscretion bounded by the rules and principles of law, and not arbitrary, capricious, or unrestrained. It is not the indulgence of a judicial whim, but the exercise of judicial judgment, based on facts and guided by law, or the equitable decision of what is just and proper under the circumstances. It is a legal discretion to be exercised in discerning the course prescribed by law and is not to give effect to the will of the judge, but to that of the law. . . . A liberty or privilege to decide what is fair and equitable under the peculiar circumstances of the particular case, guided by the spirit and principles of the law.

*Black's Law Dictionary* 467 (6th ed. 1990). Conversely, the dicta in *Moss* suggests that Rule 37 invests a circuit judge with a license to act arbitrarily and capriciously, unbridled by even fundamental fairness.

We are not bound by the dicta in *Moss*. The holding in that case was that the circuit court erred in concluding that it lacked jurisdiction to consider a petition for postconviction relief that failed to conform to the "strict formatting, content, and page requirements" of

6

Rule 37.[1]  By reversing and remanding, this court recognized, at least tacitly, that only substantial compliance with the formatting requirements of a Rule 37 petition was necessary for consideration of the merits.  That should be our holding today.

However, as we have deemed Rule 37 proceedings to be civil in nature, we should apply the long-standing rule that dismissal of a suit before submission on its merits must, in the absence of proof to the contrary, be presumed to have been without prejudice to the right to renew it.  *Jones v. Graham*, 36 Ark. 383 (1880).  Mr. Smith has yet to have his day in court.

In Greek mythology, there is the story of Tantalus, who, for his eternal punishment in Tartarus, was made to stand in a pool of water beneath a fruit tree with low branches, with the fruit ever eluding his grasp, and the water always receding before he could take a drink.  Because of this court's Rule 37 jurisprudence, every inmate seeking postconviction relief is a modern-day Tantalus.

I respectfully dissent.

*Olajuwon Smith*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Kehler Shue*, Ass't Att'y Gen., for appellee.

---

[1]The circuit court in *Moss* found that the margins in the inmate's typed Rule 37 petition were not wide enough.