Josephine Linker Hart, Justice, dissenting. I cannot accept the majority’s rationale for disposing of Mr. Smith’s bid for post-conviction relief. Although the per curium purports to dismiss Mr. Smith’s petition as an impermissible second request for post-conviction relief, this description of what actually transpired is disingenuous. As is usually the case, Mr. Smith’s Rule 37 petition was handwritten. His so-called first petition was rejected by the circuit court because he wrote a few sentences below the lines on a preprinted form. Specifically, the circuit court found that “[plages (4) four and (6) six of the petition are forty-two (42) lines of handwritten argument which exceeds the thirty (30) line limit per page.” Despite the fact that Mr. Smith used only eight of the ten pages that he was allotted in Rule 37.1(b), the circuit court dismissed the petition. The circuit court did not, however, dismiss the petition with prejudice. Mr. Smith’s so-called second petition was merely a corrected version of the so-called first petition that conformed to the dictates of Rule 37.1(b). Mr. Smith’s strict observance of the thirty-line requirement resulted in a nine-page petition. The circuit court, however, noted that Mr. Smith did not request leave of the court to file an amended petition and cited RRule 37.2, which proscribed the filing of more than one petition for postconviction relief. It granted the State’s motion to dismiss Mr. Smith’s corrected petition. This dismissal is unjust. I am mindful that this court’s per curium relies on Moss v. State, 2013 Ark. 431, for the proposition that when a prisoner files a verified petition that does not comply with Rule 37.1(b), a circuit court has the “discretion” to act on the merits of the petition, dismiss it without prejudice to filing a petition that conforms to Rule 37.1(b), or dismiss the petition. Such unbridled power is not judicial discretion. It is black-letter law that judicial discretion means: [Discretion bounded by the rules and principles of law, and not arbitrary, capricious, or unrestrained. It is not the indulgence of a judicial whim, but the exercise of judicial judgment, based on facts and guided by law, or the equitable decision of what is just and proper under the circumstances. It is a legal discretion to be exercised in discerning the course prescribed by law and is not to give effect to the will of the judge, but to that of the law.... A liberty or privilege to decide what is fair and equitable under the peculiar circumstances of the particular case, guided by the spirit and principles of the law. Black's Law Dictionary 467 (6th ed. 1990). Conversely, the dicta in Moss suggests that Rule 37 invests a circuit judge with a license to act arbitrarily and capriciously, unbridled by even fundamental fairness. We are not bound by the dicta in Moss. The holding in that case was that the circuit court erred in concluding that it lacked jurisdiction to consider a petition for postconviction relief that failed to conform to the “strict formatting, content, and page requirements” of |7Rule 37.[1] By reversing and remanding, this court recognized, at least tacitly, that only substantial compliance with the formatting requirements of a Rule 37 petition was necessary for consideration of the merits. That should be our holding today. However, as we have deemed Rule 37 proceedings to be civil in nature, we should apply the long-standing rule that dismissal of a suit before submission on its merits must, in the absence of proof to the contrary, be presumed to have been without prejudice to the right to renew it. Jones v. Graham, 36 Ark. 383 (1880). Mr. Smith has yet to have his day in court. In Greek mythology, there is the story of Tantalus, who, for his eternal punishment in Tartarus, was made to stand in a pool of water beneath a fruit tree with low branches, with the fruit ever eluding his grasp, and the water always receding before he could take a drink. Because of this court’s Rule 37 jurisprudence, every inmate seeking postconviction relief is a modern-day Tantalus. I respectfully dissent. . The circuit court in Moss found that the margins in the inmate’s typed Rule 37 petition were not wide enough.