SLIP OPINION

Cite as 2015 Ark. 209

# SUPREME COURT OF ARKANSAS

No. CR–14–965

| | | |
|---|---|---|
| WENDIE COX | | **Opinion Delivered** May 14, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT [NO. CR–2012-79-5] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE LARRY W. CHANDLER, JUDGE |
| | | AFFIRMED. |

### RHONDA K. WOOD, Associate Justice

Wendie Cox appeals the denial of her petition for postconviction relief under Arkansas Rule of Criminal Procedure 37. We affirm the circuit court's denial of her petition.

Cox was convicted on multiple counts of theft of property for her involvement in stealing horses and equipment from Southern Arkansas University. She was sentenced to 60 years of imprisonment. Her conviction was affirmed on appeal. *Cox v. State*, 2014 Ark. App 321. She subsequently filed a pro se petition for relief under Rule 37. She alleged a number of grounds for relief, including ineffective assistance of counsel; however, the circuit court denied her petition without a hearing. The circuit court's order denying her petition addressed each allegation individually, and eight of the claims were denied because of Cox's failure to state sufficient facts to warrant relief.

Cox—now represented by counsel—appeals from the circuit court's order. Instead of arguing the merits of any of the numerous claims listed in Cox's original pro se

petition, her attorney makes a new argument on appeal that was never presented to the circuit court. Cox argues that the generic Rule 37 petition generally filed by incarcerated individuals instructed her to "not cite cases" and to "not argue" with respect to the facts supporting her petition. According to Cox, the form discouraged her from properly pleading her case, and the circuit court then improperly used the lack of specificity in her petition to deny her relief. Cox argues that she provided all of the details that could have been reasonably included on the form and that justice required the circuit court to either allow her an opportunity to plead her case outside the confines of the Rule 37 form, such as by hearing, or by allowing her to plead with an expanded form.

We decline to reach the merits argued in Cox's appeal because she never presented her argument to the circuit court. The law is well settled that issues raised for the first time on appeal, even constitutional ones, will not be considered because the trial court never had an opportunity to rule on them. *London v. State*, 354 Ark. 313, 125 S.W.3d 813 (2003). A petition under Rule 37 shall not exceed ten pages. Ark. R. Crim. P. 37.1(b). Cox, who utilized only five of her ten available pages, never gave any indication to the trial court that the form prevented or otherwise discouraged her from stating all of the facts she wished to include in her petition. Indeed, the form invites petitioners to attach additional pages if necessary, an option that Cox declined. Cox was also free to file a motion demonstrating that she would be unable to present her claims in only ten pages and request permission to file an overlength petition. *See Washington v. State*, 308 Ark. 322, 323, 823 S.W.2d 900, 901 (1992) (per curiam). Again, this was an option that Cox

declined. Cox never attempted to apprise the circuit court of the argument she makes now. Accordingly, we will not consider it for the first time on appeal.

Affirmed.

*Kearney Law Offices*, by: *Jeffery H. Kearney*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.