Cite as 2020 Ark. App. 213

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-19-756

| | |
|---|---|
| ROBERT JAMAR FIELDS<br><br>APPELLANT<br><br><br>V.<br><br><br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** April 8, 2020<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CR-17-27]<br><br><br>HONORABLE HAMILTON H. SINGLETON, JUDGE<br><br>DISMISSED |

## RAYMOND R. ABRAMSON, Judge

Robert Jamar Fields appeals the denial of his petition for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. A Union County Circuit Court jury convicted Fields of one count of aggravated robbery, three counts of aggravated assault with two child enhancements, one count of terroristic act, and one count of first-degree battery with a child enhancement. He was sentenced to a total of fifty-four years' imprisonment in the Arkansas Department of Correction, to be served consecutively. We affirmed his convictions on direct appeal to this court. *See Fields v. State*, 2019 Ark. App. 162, 574 S.W.3d 201. Fields now appeals claiming error in the denial of his postconviction claims by the circuit court. For the following reasons, we dismiss.

On appeal from the denial of his Rule 37 petition, Fields argues that the circuit court clearly erred by denying all his claims of ineffective assistance of counsel and his claim of

actual innocence. Fields also contends that the circuit court abused its discretion by failing to hold a hearing on the petition, by dismissing his twenty-two-page petition for being overlength, and by denying his motion to file an overlength petition.

Under Arkansas Rule of Criminal Procedure 37.1(b), petitions for postconviction relief shall not exceed ten pages in length. Specifically, Rule 37(b) provides as follows:

> The petition shall state in concise, nonrepetitive, factually specific language, the grounds upon which it is based. The petition, whether handwritten or typed, shall be clearly legible, and shall not exceed ten pages of thirty lines per page and fifteen words per line, with left and right margins of at least one and one-half inches and upper and lower margins of at least two inches. The circuit court or appellate court may dismiss any petition that fails to comply with this subsection.

Ark. R. Civ. P. 37.1(b).

The Arkansas Supreme Court has held that the rule limiting petitions to ten pages is an entirely reasonable restriction on petitioners seeking postconviction relief. *E.g.*, *Adams v. State*, 2013 Ark. 174, 427 S.W.3d 63; *see Davis v. State*, 2010 Ark. 366 (per curiam) (citing *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003)); *Washington v. State*, 308 Ark. 322, 823 S.W.2d 900 (1992); *Maulding v. State*, 299 Ark. 570, 776 S.W.2d 339 (1989). Moreover, the high court has stated that due process does not require courts to provide an unlimited opportunity to present postconviction claims or prevent a court from establishing limits on the number of pages in a petition. *Washington, supra.* The supreme court has also held that any exhibits attached to a petition filed under Rule 37 are counted for purposes of determining whether the petition conforms to the ten-page limitation. *Washington, supra.* Here, Fields's petition was twenty-two pages.

A petitioner under Rule 37.1 may demonstrate that he cannot adequately present his claims to the court in only ten pages and may request to file a petition longer than ten pages,

but the overlength petition may be filed only with the permission of the circuit court. *See Adams*, *supra*; *see also Murry v. State*, 2011 Ark. 343 (per curiam) (citing *Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000)). If a petitioner does not receive permission to file an overlength petition, the petitioner is obliged to proceed in accordance with our rules. *Murry*, *supra*; *see also Davis*, *supra*. If the petitioner chooses not to do so, the petitioner must bear the consequences of his decision to submit an overlength amended petition. *Murry*, *supra*.

In the present case, our court's mandate in Fields's direct appeal issued on April 2, 2019, and on June 3, Fields's counsel filed a twenty-two-page petition for postconviction relief. Counsel then waited over a month—until July 15—to file a motion for permission to file an overlength petition, in which he noted that the motion was filed because the State challenged the length of the petition. Fields chose to file a twenty-two-page petition; accordingly, he must "bear the consequences" of that decision. *Id*. at 4.

Rule 37.1(b) clearly allows a circuit court to dismiss an overlength petition, stating, "The circuit court or appellate court may dismiss any petition that fails to comply with this subsection." Accordingly, we hold that the circuit court did not abuse its discretion by denying relief on Fields's ineffective-assistance claims in his overlength petition, and we also dismiss the appeal under the same rationale.

Dismissed.

VIRDEN and HIXSON, JJ., agree.

*Tinsley & Youngdahl, PLLC*, by: *Jordan B. Tinsley*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.