Cite as 2025 Ark. App. 608

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-24-811

| | | |
|---|---|---|
| JIMMY STANDRIDGE | | Opinion Delivered December 10, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE MILLER |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 46CR-20-453] |
| STATE OF ARKANSAS | | |
| | | HONORABLE L. WREN AUTREY, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## MIKE MURPHY, Judge

Appellant Jimmy Standridge appeals the dismissal of his pro se amended petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. We affirm.

Standridge was convicted in 2022 by a Miller County jury of four counts of rape and six counts of second-degree sexual assault and sentenced to a total of 220 years' imprisonment. We affirmed the conviction on direct appeal in *Standridge v. State*, 2023 Ark. App. 141, 662 S.W.3d 255. The mandate was issued on April 7, 2023.

On May 28, Standridge, through counsel, filed a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. Contemporaneous with that motion, counsel also filed a motion stating the initial petition was filed to satisfy the sixty-day filing deadline, requesting leave to file an amended petition, and further requesting that the court extend the deadline in which to file the amended petition. The circuit court granted the motion,

and through a series of extensions, the deadline was ultimately extended for good cause to September 23, 2024.

On August 19, 2024, counsel for Standridge filed a motion to withdraw, which was granted on September 3. On September 18, Standridge filed a pro se amended petition for postconviction relief. That petition was fourteen pages long and included over eighty pages of exhibits. On September 23, the State moved to dismiss Standridge's petition because it was overlong, and the margins did not comply with Rule 37.1(b). The court granted the motion to dismiss on October 2, and Standridge now brings this pro se appeal. On appeal, Standridge concedes that the amended petition was not compliant but argues that the circuit court erred in dismissing it.

Rule 37.1(b) provides that a petition for postconviction relief "shall not exceed ten pages" and authorizes the circuit court to "dismiss any petition that fails to comply with this subsection." Our supreme court has long held that this ten-page limit is a reasonable procedural restriction on petitioners seeking postconviction relief. *Davis v. State*, 2010 Ark. 366 (per curiam); *Sanders v. State*, 352 Ark. 16, 98 S.W.3d 35 (2003); *Maulding v. State*, 299 Ark. 570, 776 S.W.2d 339 (1989). Due process does not require courts to provide an unlimited opportunity to present postconviction claims or prevent a court from enforcing reasonable limits. *Washington v. State*, 308 Ark. 322, 823 S.W.2d 900 (1992). Exhibits attached to a petition are also counted for purposes of determining compliance with the ten-page limitation. *Fields v. State*, 2020 Ark. App. 213, 599 S.W.3d 351.

In *Davis*, *supra*, the petitioner, Davis, originally filed a timely seven-page verified petition for postconviction relief. He then requested leave to amend the petition, which was granted. Shortly thereafter, Davis further requested an extension to submit the amended petition. That was also granted. Two weeks before the amended petition was due, Davis requested permission to file a petition that exceeded ten pages, which was denied. Davis then filed a twenty-two-page petition. The circuit court dismissed Davis's overlength amended petition, and the supreme court held that the circuit court was within its discretion in doing so, explaining that Davis "must bear the consequences of his decision to submit an over-length amended petition." 2010 Ark. 366, at 2.

Like *Davis*, while Standridge was granted leave to file an amended petition, he was not granted leave to file an overlength amended petition.

When a petitioner timely files a verified petition that does not comply with Rule 37.1(b), the circuit court has the discretion to act on the merits of the petition, dismiss it without prejudice to filing a petition that conforms to Rule 37.1(b), or dismiss the petition. *Smith v. State*, 2015 Ark. 23, 454 S.W.3d 219 (per curiam). When the circuit court dismisses a petition for its overlength, we review that decision for an abuse of discretion. *Murphy v. State*, 2022 Ark. App. 109, at 4.

Because there is no constitutional right to postconviction review, due process requires only that the proceeding be fundamentally fair, and reasonable page limits satisfy that standard. *Davis*, 2010 Ark. 366. Accordingly, the circuit court acted within its discretion in dismissing Standridge's noncompliant amended petition.

Affirmed.

ABRAMSON and THYER, JJ., agree.

*Jimmy T. Standridge*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.